UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
MARK MISCHER,                                 :       CASE NO. 1:15 CV 178
                                              :
        Plaintiff,                            :
                                              :
vs.                                           :       OPINION & ORDER
                                              :
CUYAHOGA COUNTY COURT                         :
ADMINISTRATOR,                                :
                                              :
        Defendant.                            :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Mark Mischer, a state prisoner, filed the civil complaint in this action against the "Cuyahoga County Court Administrator for the State of Ohio Court of Common Pleas Criminal Division," seeking release from prison and damages on the basis of an alleged violation of his speedy trial rights.

The plaintiff's action must be dismissed pursuant to 28 U.S.C. §1915A, which requires a district court to dismiss as soon as practicable after docketing any civil action filed by a prisoner against a governmental entity the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A.

The plaintiff's action fails to state a claim on which relief may be granted. The Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." Thus, if a prisoner challenges the legality of his confinement, he

may not use a civil rights action as an alternative to a petition for a writ of habeas corpus, which requires that he exhaust his state remedies. *See id*. at 489-90. Accordingly, to the extent the plaintiff is challenging the legality of his confinement, his civil complaint fails to state a claim on which relief may be granted because his sole federal remedy is a petition for a writ of habeas corpus, and he has not shown he exhausted his state remedies.

In addition, the Supreme Court has held that a plaintiff may not recover damages arising from an allegedly illegal incarceration without allegations that his underlying criminal conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The plaintiff's complaint lacks allegations required to assert a damages claim demonstrating the invalidity of his underlying conviction.

Accordingly, the plaintiff's action is dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 22, 2015                *s/        James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE